MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     NATASHA OELTJEN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.:  (212) 637-2769

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
ALKETA DELORENZO,                                  :

               Plaintiff,               :

        ANSWER

    - v. -                                                  :

        08 Civ. 0324 (MGC)

SECRETARY OF THE DEPARTMENT OF       :
HOMELAND SECURITY; DIRECTOR OF                  ELECTRONICALLY FILED
U.S. CITIZENSHIP & IMMIGRATION SERVICES;   :
DISTRICT DIRECTOR OF THE U.S. CITIZENSHIP &
IMMIGRATION SERVICES FOR NEW YORK OFFICE,  :

              Defendants.              :
---------------------------------------------------------------------------x

       Defendants Michael Chertoff, Secretary of the Department of Homeland Security; Emilio T. Gonzalez, Director of the United States Citizenship and Immigration Services ("CIS"); and Andrea Quarantillo, District Director of CIS's New York Office (collectively, "defendants" or "Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief ("complaint") of plaintiff Alketa Delorenzo (A98 772 321) ("plaintiff" or "Delorenzo"), upon information and belief, as follows:

       1.     Neither admit nor deny the allegations in paragraph 1 of the complaint because they constitute plaintiff's characterization of this action, prayer for relief, and/or conclusions of law, to

which no responsive pleading is required; except admit that plaintiff submitted an application ("adjustment application") to CIS on November 16, 2005, seeking discretionary adjustment of her immigration status to that of a lawful permanent resident of the United States, pursuant to § 245(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1255(a), and that this application is pending with CIS; and deny that there has been an "unreasonable delay" in the adjudication of plaintiff's adjustment application. In further response to the allegations in paragraph 1, defendants respectfully refer the Court to the statutes cited therein for accurate statements of their provisions.

2.  Neither admit nor deny the allegations in paragraph 2 of the complaint because they constitute plaintiff's characterization of this action and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes cited therein for accurate statements of their provisions.

3.  Neither admit nor deny the allegations in paragraph 3 of the complaint because they constitute plaintiff's characterization of this action and/or conclusions of law, to which no responsive pleading is required, except admit that plaintiff's adjustment application was filed within this judicial district, and deny that defendants have "improperly delay[ed] adjudicating" plaintiff's application; and respectfully refer the Court to the statutes cited therein for accurate statements of their provisions.

4.  Neither admit nor deny the allegations in paragraph 4 of the complaint because they constitute plaintiff's characterization of this action and/or conclusions of law, to which no responsive pleading is required; except admit that CIS's New York District Office "is located and performs its

official duties" within this judicial district, and deny knowledge or information sufficient to form a belief as to the accuracy of plaintiff's statements regarding her place of residence.

5. Admit the allegation in paragraph 5 of the complaint.

6. In response to the allegations in paragraph 6 of the complaint, defendants respectfully refer the Court to the statute cited therein for an accurate statement of its provisions

7. In response to the allegations in paragraph 7 of the complaint, defendants respectfully refer the Court to the statute cited therein for an accurate statement of its provisions; and aver that the relevant regulations are 8 C.F.R. §§ 2.1 and 103.1, and respectfully refers the Court to those regulations for accurate statements of their provisions.

8. In response to the allegations in paragraph 8 of the complaint, defendants aver that the authority of CIS's New York District Director is conferred by 8 C.F.R. §§ 100.2(d)(2)(ii) and 100.4(b)(3), and respectfully refer the Court to those regulations for accurate statements of their provisions.

9. Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 9 of the complaint.

10. Admit the allegations in paragraph 10 of the complaint, and respectfully refer the Court to the document referenced therein, and annexed to the complaint as Exhibit A, for an accurate statement of its contents.

11. Admit the allegations in paragraph 11 of the complaint, and respectfully refer the Court to the document referenced therein, and annexed to the complaint as Exhibit B, for an accurate statement of its contents.

12. Admit the allegations in paragraph 12 of the complaint, and respectfully refer the Court to the document referenced therein, and annexed to the complaint as Exhibit C, for an accurate statement of its contents.

13. Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 13 of the complaint, and respectfully refer the Court to the documents referenced therein, and annexed to the complaint as Exhibit D, for accurate statements of their contents.

14. Neither admit nor deny the allegations in paragraph 14 of the complaint, because they constitute plaintiff's characterization of this action, to which no responsive pleading is required.

15. Neither admit nor deny the allegations in paragraph 15 of the complaint because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes cited therein for accurate statements of their provisions.

16. In response to the allegations in paragraph 16 of the complaint, defendants respectfully refer the Court to the judicial decisions cited therein for accurate statements of their contents.

17. Deny the allegations in paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 18 of the complaint, except admit that pursuant to 8 U.S.C. § 1427(a), plaintiff must acquire lawful permanent resident status as a prerequisite to applying for naturalized citizenship; and respectfully refer the Court to the statute cited herein for an accurate statement of its provisions.

19. Deny the allegations in paragraph 19 of the complaint.

20. Admit the allegations in paragraph 20 of the complaint, except deny the allegation that adjustment of status applications "were being adjudicated by the Defendant District Director in a period of between three and nine months" at the time plaintiff filed her application, in November 2005; and neither admit nor deny the allegations that "[a]ll legal prerequisites [were] satisfied" or that plaintiff "properly" filed her adjustment application, because they constitute conclusions of law, to which no responsive pleading is required.

21. Deny the allegations in paragraph 21 of the complaint.

22. Deny the allegations in paragraph 22 of the complaint.

23. Neither admit nor deny the allegations in paragraph 23 of the complaint, because they constitute conclusions of law, to which not responsive pleading is required. To the extent that a further response is required, defendants deny the allegations.

24. Neither admit nor deny the allegations in paragraph 24 of the complaint, because they constitute conclusions of law, to which not responsive pleading is required, and respectfully refer the Court to the statute cited for an accurate statement of its provisions. To the extent that a further response is required, defendants deny the allegations.

AS AND FOR A FIRST DEFENSE

Plaintiff's claims are unripe for review.

AS AND FOR A SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

AS AND FOR A THIRD DEFENSE

Plaintiff has failed to show that she is owed a peremptory duty that defendants have refused to perform.

## AS AND FOR A FOURTH DEFENSE

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

## AS AND FOR A FIFTH DEFENSE

The length of time that plaintiff's adjustment application has been pending is attributable to plaintiff's own actions.

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
June 3, 2008

                                    MICHAEL J. GARCIA
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for Defendants

By: /s/ _____
NATASHA OELTJEN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel.:  (212) 637-2769
Fax: (212) 637-2786
natalia.oeltjen@usdoj.gov

TO: Trisha Kaewcharoen, Esq.
Law Office of Andrew P. Johnson
Attorneys for Plaintiff
65 Broadway, 21st Floor
New York, NY  10006
Tel.: (212) 693-3355
Fax: (212) 430-6787